Isidor Sherl, as Administrator, etc., of Amelia Sherl, Deceased, Appellant, v. Frank A. Ladman and Robert Minkow, Respondents.

Per Curiam. We believe that there was ample evidence in the record to sustain the verdict in the sum of $2,500, with interest against the defendants. It was improper, therefore, for the court at Trial Term to order a new trial " unless the plaintiff files with this court within ten days after the service of a copy of this order with notice of entry thereof, a stipulation consenting to reduce the said verdict to the sum of $600."

Plaintiff's intestate parted with her money upon the fraudulent representations of the defendants. The item of $600, to which reference has been made by the trial court, was merely one of the fraudulent elements which was employed for the purpose of carrying out the conspiracy to obtain the full amount which the jury awarded to the plaintiff.

The order should be reversed, with costs, and the verdict reinstated.

Present — Martin, P. J., O'Malley, Glennon, Untermyer and Dore, JJ.

Order unanimously reversed, with costs and disbursements, and the verdict reinstated.

New York Telephone Company, Appellant, v. Meehan Paving & Construction Co., Inc., and Others, Respondents. Empire City Subway Company (Limited), Appellant, v. Meehan Paving & Construction Co., Inc., and Others, Respondents. Holmes Electric Protective Company, Appellant, v. Meehan Paving & Construction Co., Inc., and Others, Respondents.— Judgments and orders unanimously affirmed, with one bill of costs of these appeals to the respondents. No opinion. Present — Martin, P. J., Townley, Dore, Cohn and Callahan, JJ.